RECEIVED
USDC, CLERK, CHARLESTON, SC

2009 MAR -4  A 9: 58

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Johnny Wayne Gay, | ) | C. A. No. 2:08-3624-GRA-RSC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| John LaManna, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

This habeas corpus petition brought by a federal prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's motion for summary judgment. 28 U.S.C. § 636(b).

The petitioner, Johnny Wayne Gay, brought this petition for a writ of habeas corpus under 28 U.S.C. § 2241 on October 1, 2008, and named John Lamanna, the Warden at FCI Edgefield, as Respondent. Gay seeks a "judicial determination" that the Bureau of Prison's (BOP) determination that he is not eligible for the early release benefit pursuant to 18 U.S.C. § 3621(e)(2)(B), should he successfully complete the Residential Drug Abuse Program (RDAP), is incorrect. (Petition pg. 1).

On January 9, 2009, the respondent filed a motion for summary judgment. On January 12, 2009, Gay was provided a copy of the respondent's motion and was given an explanation of

1

dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On January 23, 2009, the petitioner filed a response in opposition to the respondent's motion. On February 2, 2009, the respondent filed a reply to the opposition. Lastly, on February 18, 2009, the petitioner filed his reply to the respondent's reply.

## FACTUAL BACKGROUND

Petitioner Gay is currently incarcerated at the satellite Prison Camp located at the Federal Correctional Institution ("FCI") in Edgefield, South Carolina. He is serving a 72-month term of incarceration imposed by the United States District Court for the Southern District of Georgia for violations of 21 U.S.C. § 841 (conspiracy to distribute and possession with intent to distribute over five kilograms of methamphetamine). (Resp. Exhibit A, relevant portions of Judgement and Commitment Order). It is anticipated that Gay will be released from his current term on May 11, 2011, with credit for Good Conduct Time. (Resp. Exhibit B, SENTRY Sentence Computation1 for Petitioner, p. 1).

On August 11, 2008, Gay was evaluated for eligibility for the RDAP, and was placed on the waiting list for that program.

(Resp. Exhibit C, p.1).[1] Gay was also advised that he was not eligible for the early release benefit should he successfully complete the RDAP. (Resp. Exhibit C, p. 1 and Exhibit D, Notice to inmate dated August 11, 2008). Gay was advised that his offense, which includes a two-level enhancement for possession of a weapon, precluded him for consideration for the early release benefit. (Id.) On October 28, 2008, Gay declined to participate in the RDAP. (Resp. Exhibit E, Change in Drug Abuse Status). This action followed.

## DISCUSSION

A review of the record and relevant case law indicates that this case is not justiciable as it is not ripe for review. The case should be dismissed without prejudice.

Petitioner anticipates that *if* he completes the RDAP the respondent will not give him early release credit which would hasten his anticipated release date. Plaintiff's claim will not be "ripe" for federal judicial review until he completes the RDAP and is denied early release credits, if that scenario does in fact transpire. See, e.g., Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972). Cf. Valley

---

[1] The RDAP is an intensive 500-hour program of drug treatment that takes place in a residential setting apart from the general prison population. 28 C.F.R. § 550.56. There are a variety of incentives available to inmates who complete the RDAP, including possible consideration for early release pursuant to 18 U.S.C. § 3621(e)(2)(B).

3

Forge Christian College v. Americans United for Separation of Church & State, 454 U.S. 464, 482, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) (for a plaintiff to have standing, the injury must have resulted from the defendant's or defendants' actions).

Here, Petitioner's grounds for relief are not ripe because he has not successfully completed the RDAP, which is a prerequisite to being considered for early release. Petitioner's eligibility for participation in and successful completion of the RDAP, which must occur to create his eligibility for early release under 18 U.S.C. § 3621(e)(2)(B), are future contingencies. Hence, at this stage, the duration of Petitioner's imprisonment based on possible early release is not a controversy, and the length of Petitioner's imprisonment would be unaffected by this Court's dismissal of the petition without prejudice. Miller v. Brown, 462 F.3d 312, 319 (4th Cir. 2006) (A case is ready for judicial decision "when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties.")

The Supreme Court of the United States has noted that the basic rationale of the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 580, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985). See also, Miller v. Brown, 462 F.3d 312,

4

318-19 (4th Cir. 2006). The court's role is "neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." Thomas v. Anchorage Equal Rights Commission, 220 F.3d 1134, 1138 (9th Cir. 2000). Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all. Pacific Gas & Electric Co. v. State Energy Resources Conservation & Development Commission, 461 U.S. 190, 200-201, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983). See also, Dames & Moore v. Regan, 453 U.S. 654, 689, 101 S.Ct. 2972, 69 L.Ed.2d 918 (1981). In fact, the event that would, in theory, trigger an injury to Plaintiff may not occur as anticipated or at all. Since Gay admits that he declined to participate in the RDAP and thus did not successfully complete the RDAP, no case or controversy currently exists. If Gay decides to participate in and completes the RDAP and then is denied early release credits, he can bring a new civil action in this federal court.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the court find this matter is not ripe for

adjudication and dismiss the petition without prejudice.

Respectfully Submitted,

*Robert S Carr*
Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

March  4  , 2008

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).