IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Johnny Wayne Gay, | ) | |
| Petitioner, | ) | C. A. No. 2:08-3624-GRA-RSC |
| vs. | ) | |
| John LaManna, Warden, | ) | |
| Respondent. | ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b). The petitioner, Johnny Wayne Gay, brought this petition for a writ of habeas corpus under 28 U.S.C. § 2241 on October 1, 2008. On March 4, 2009, the magistrate recommended dismissing the case without prejudice, as it is not ripe for adjudication. This Court agrees.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations

made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id.*

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.  FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

The petitioner first objects that dismissing his case as unripe will allow the Bureau of Prisons to circumvent the will of congress.  In support of this the petitioner argues that because he was evaluated for the Residential Drug Abuse Program (RDAP) 27 months before release, requiring him to undergo the RDAP program before filing his motion will effectively nullify any reduction in sentence.  However, this argument fails to account for the fact that the petitioner voluntarily chose not to participate in the RDAP program.  Accordingly, the petitioner's argument is without merit.

Additionally, the petitioner argues that his case is not abstract or hypothetical.

In support of this the petitioner argues that because prisoners are advised of how their sentence may be shortened by good conduct at the outset of their sentence, the issue is ripe for adjudication. However, the fact that the prison conducts a calculation of the potential benefits of good conduct does not change the fact that this constitutes a hypothetical calculation. More specifically, the petitioner is asking the Court to decide whether he is eligible for a reduction of sentence IF he completes the RDAP. Accordingly, such scenario clearly constitutes a hypothetical question which, as explained by the magistrate, this Court may not answer.

Finally, the petitioner notes that in *Smith v. Vasquez*, CV206-275 (February 7, 2007 S.D. Ga.), a magistrate in the Southern District of Georgia ordered the BOP to reconsider its ruling that a prisoner was ineligible for the RDAP program. First, as a threshold matter, a magistrate in the Southern District of Georgia is not binding on this Court. Second, in that case the issue before the Court was whether the petitioner was eligible for entry into RDAP, not whether the upon completing RDAP he was eligible for a reduction or his sentence. Accordingly, *Smith* has not bearing on the matter at bar.

After reviewing the record, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

THEREFORE the petitioner's claim is DISMISSED without prejudice.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

March 25, 2009

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.